PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
In the United States Court for the District of Montana
BILLINGS DIVISION

---

| | |
|---|---|
| FORREST SCOTT SMART, Pro Se | JIM SALMONSEN, Warden |
| vs. | |
| | and the Attorney General of the State of Montana |

---

Prisoner No.: 2141208

Place of Confinement: Montana State Prison

## PETITION

1. Smart's probation was revoked by a Court in the Thirteenth Judicial District of the State of Montana, case number DC 06-0239

2. Smart was sentenced on November 10, 2020.

3. Probation was revoked for not completing treatment, despite three and one-half years in Aftercare, and for having a person living with him without his probation officer's consent. The second ground should have been sanctioned under the Montana Interventions and Incentives Grid (MIIG) rather than in Court.

4. The original sentence of two ten year terms to MSP was imposed with credit for time already served and for street time

from April 16, 2016 to March 25, 2020. Current discharge date is November 26, 2026. Judge Davies only required completion of treatment, keeping all other original conditions in place. (Note: Smart was allowed to pick up treatment from where he left off. He completed treatment February of 2023.)

5. Smart pled not guilty.

6. Smart was unable to file an appeal to the Montana Supreme Court for reasons which will be apparent.

7. Smart did not apply for relief to the Sentence Review Division.

8. Smart did not file a petition for certiorari in the United States Supreme Court.

9. Smart did not file in State district court a petition for postconviction relief. Such relief is for non-record-based claims. Smart's claims are record-based.

10. Smart did file in the Montana Supreme Court a petition for writ of habeas corpus, case no. : OP 23-0172, filed March 28, 2023.

11. GROUNDS

    A. Ground One: Ineffective Assistance of Counsel/Attorney Abandonment

      (i) Supporting Facts:

On November 10, 2020, right after the Judge pronounced sentence, Smart turned to his attorney, Robert Snively, and told him, "I want to appeal."

Each business day for over a week Smart instructed his attorney to file a notice of appeal, either face-to-face or by phone. Smart's attorney finally said, "I don't know how." Smart then called the Yellowstone County Chief Public Defender, Randi Hood, and explained his multiple attempts to have his attorney file notice of appeal. She said, "I don't know why he'd say that. Anyone who works for my office would know how to file a notice of appeal." She declined to file notice on Smart's behalf. Smart also called the Appellate Defender's Office and was told they could not represent him until notice had been filed and they were appointed.

> Under Garza v. Idaho, 139 S. Ct. 738; 203 L Ed. 2d 77,
> "Accordingly, where an attorney performed deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice was presumed with no further showing from the defendant of the merits of his underlying claims."

Smart is entitled to file an appeal and to have counsel appointed for it.

(ii) Smart did raise this issue in his State habeas petition. The Montana Supreme Court did not address this issue, despite Smart raising it. The habeas was denied in its entirety, saying that Smart did not show a facially invalid sentence. The individual constitutional violations were not addressed. Case No. : OP 23-0172, decided March 28, 2023.

(iii) Smart did not ask the Montana Supreme Court to consider Federal law in its decision.

B. Ground Two: Due Process Violations

(i) Supporting Facts: At Smart's original sentencing (DC 06-239), condition number 38 was imposed (Sentencing Order, page 4). It reads:

> "38. The defendant shall re-enter treatment at any time if deemed appropriate by the Probation Officer <u>and</u> therapist. Defendant does not need to re-take Phases 1 and 2 if completed at Montana State Prison" (emphasis added)

Smart's only therapist while he was on the street was Kris Geno, out of Concord, N.H. Smart was in <u>aftercare</u> with Ms. Geno for three and a half years prior to returning to Montana.

Looking at the Revocation Transcript (R.T.), page 51, lns. 17-20, Smart's probation officer never communicated with his therapist. On R.T. pg, 19, lns. 14-25, Smart's probation officer admits that she had no contact with Smart's sole treatment provider.

Smart's probation was violated and he was returned to prison for a condition that he did not violate. The State and the Court violated his probation condition in order to return him to prison. Smart reentered aftercare on his own volition. This was via ZOOM since COVID had caused the cancellation

of existing face-to-face groups.

Aftercare, as it sounds, is held after completion of treatment Smart was in aftercare for three and one-half years. Upon discharge from prison in 2016 Smart had only three assignments left to turn in to complete treatment. He did so at MSP in February of 2023. Smart's right to due process has been violated.

[Furthermore, Smart's Judge at Revocation, Collette B. Davies, has committed an abuse of discretion. Smart has filed a Petition and a Motion in three the last three years that remain unanswered: the first was a Petition for Production of Documents (Registry of Actions, No. 121, filed 07/06/2021); the second was a Motion to Modify Sentence (ROA, No. 124, filed 02/16/2023). These have not been ruled on. The Motion to Modify Sentence corresponds with Smart's completion of treatment, the only requirement made by Judge Davies. This was not apparent at the time Smart filed his State habeas petition.

> <u>Meech v. Hillhaven, W.,</u> 238 MT 21 (1989)
> "The right of access to the courts is only part of the fundamental right; the right to a full legal remedy completes the part to make a whole. The two, access to the courts and full redress indivisibly make one fundamental right, and together they are the essence of justice."]

(ii) Smart did raise this issue on habeas corpus in the

Montana Supreme Court. That Court disregarded the individual claims raised and dismissed the entire habeas on procedural grounds. Case No. OP 23-0172, decided March 28, 2023.

(iii) Smart did not ask the Montana Supreme Court to consider Federal law in its decision.

14. Smart does not have any action in any Court regarding the judgement he challenges in this Petition.

15. Attorneys

(a) At his revocation hearing, Smart was represented by Robert Snively.

(b) Smart was self-represented for his State habeas proceeding.

16. Smart would like counsel appointed to assist him in this proceeding.

17. Petitioner asks the Court to grant the following relief:

- Conversion of his remaining time to probation under the conditions of his original sentence and release from prison; or

- Conversion of his sentence to time served and the vacating of the remainder of his sentence;

and/or any other relief to which Petitioner may be entitled.

## Petitioner's Declaration

A. I am the Petitioner in this case. I understand the submission of a false statement or false answer to any question may subject me to penalties for perjury. I declare that I have

read this Petition, and the information I have set forth is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621

B. I will keep the Court informed of my current mailing address. I understand that failure to do so may result in dismissal of my case without actual notice to me.

C. This Petition was deposited in the prison system for legal mail on:

the 11th day of February, 2024.

_____
Petitioner's Signature

February 11th 2024
Date Signed

ADDENDUM

Another factor alleged at Smart's revocation hearing was that he did not report law enforcement contact to his probation officer. This is inaccurate. Montana law states that a probationer has 72 hours in which to report law enforcement contact to his/her probation officer. Smart stayed well within this limit, often reporting said contact within minutes. Despite the law, Smart's probation officer often told Smart the law specified 24 hours. This was inaccurate according to Montana law.